RECEIVED
IN ALEXANDRIA, LA.

AUG - 9 2012

TONY R. MOORE, CLERK
BY_____
        DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JAMES DENSON | CIVIL ACTION NO. 1:11-CV-2096 |
| VERSUS | JUDGE DRELL |
| UNITED STATES OF AMERICA, ET AL. | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Pro se Petitioner James Denson filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons. At the time of filing, he was incarcerated at the United States Penitentiary in Pollock, Louisiana. Petitioner attacks the conviction and sentence imposed in the United States District Court for the Northern District of Florida.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DENIED AND DISMISSED**.

### *Background*

Petitioner was convicted of conspiracy to possess with intent to distribute cocaine and cocaine base, and possession with intent to distribute cocaine and cocaine base. He was sentenced in 1991 to 660 months. The judgment was affirmed, per curiam, on July 3, 1993. See U.S. v. James, 995 F.2d 236 (Table)(11th Cir. 1993); writ denied, Denson v. U.S., 510 U.S. 949 (1993). Petitioner filed a

Motion to Vacate under 28 U.S.C. §2255 in 1996, which was denied. [4:90-cr-4051 NDFL] He has filed numerous motions that have been denied as attempts at successive 2255 motions. [4:90-cr-4051 NDFL, #546, 552, 553, 557, 561, 598, 599]

In this application for writ of habeas corpus under 29 U.S.C. §2241, Petitioner claims that he meets the requirements of the savings clause in light of a "change in substantive law" announced in U.S. v. Doggett, 230 F.3d 160 (5th Cir. 2000), *cert. denied* 531 U.S. 1177 (2001).

### *Law and Analysis*

Petitioner wishes to proceed with a Section 2241 petition by way of the savings clause of §2255(e).  In order to proceed under the Savings Clause, Petitioner would have to demonstrate that no adequate or effective relief was attainable by a motion to vacate, correct, or set aside his sentence under §2255. See Jeffers v. Chandler, 253 F.3d 827, 830-31 (5th Cir. 2001), *cert. denied*, 534 U.S. 1001 (2001).  A petitioner must satisfy two factors to show inadequacy.  First, the claim must be "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense." Id. at 830, *quoting* Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).  Second, the claim must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first §2255 motion." Id.

Petitioner has not made the requisite allegation in this case. He has not identified a retroactively applicable Supreme Court decision. He argues that the <u>Doggett</u> case changed the substantive law. However, <u>Doggett</u> is not a Supreme Court decision. It was a decision by the Fifth Circuit Court of Appeals.

Moreover, Petitioner claims to be "actually innocent" of a sentencing enhancement. The savings-clause is not satisfied by an assertion that the Petitioner is "actually innocent" of a sentencing enhancement. <u>See</u> <u>Kinder v. Purdy</u>, 222 F.3d 209, 213 (5th Cir. 2000); <u>Padilla v. United States</u>, 416 F.3d 424, 427 (5th Cir. 2005).

It is clear from the petition that both prongs of the savings clause. Petitioner is precluded from challenging the legality of his convictions and sentences under §2241. The court is without jurisdiction to consider the petition. <u>See</u> <u>Padilla v. United States</u>, 416 F.3d 424, 427 (5th Cir. 2005); <u>Christopher v. Miles</u>, 342 F.3d 378, 379, 385 (5th Cir.2003).

Accordingly, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED AND DISMISSED** because the Court lacks jurisdiction to consider these claims.

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk**

of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this ____ day of August, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE